**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 3G LICENSING S.A., and SISVEL S.p.A.,<br><br>Plaintiffs,<br><br>v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCT MOBILE INTERNATIONAL LIMITED, TCT MOBILE, INC., TCT MOBILE (US) INC., and TCT MOBILE (US) HOLDINGS INC.,<br><br>Defendants. | Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs 3G Licensing S.A. and Sisvel S.p.A. (collectively, "Plaintiffs"), for their Complaint against Defendants TCL Communication Technology Holdings Limited, TCT Mobile International Limited, TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings Inc. (collectively "TCL" or "Defendants"), allege the following:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.      3G Licensing S.A. ("3G Licensing") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3.      Sisvel S.p.A. ("Sisvel S.p.A.") is an entity organized under the laws of Italy with a place of business at Via Sestriere 100, 10060 None (TO) Italy.  "Sisvel" is an acronym for "Società Italiana per lo Sviluppo Dell'Elettronica."

4.      Founded in Italy in 1982, Sisvel International S.A. ("Sisvel") is a world leader in fostering innovation and managing intellectual property.  Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.  At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

5.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

6.      A subsidiary of Sisvel founded in 2015, 3G Licensing, is an intellectual property company operating in the consumer electronics and telecommunications industry.  The company is composed of specialists with an extensive experience in administering licensing programs on behalf of third-party companies and organizations.

7.      A subsidiary of Sisvel founded in 1982, Sisvel S.p.A., is an intellectual property company operating primarily in areas of wireless communication, audio/video coding/decoding, digital video display, and broadband technology.  The company is composed of specialists with

extensive experience to support Sisvel's efforts in licensing programs and patent pools, primarily on behalf of third-party companies and organizations.

8.      Upon information and belief, Defendant TCL Communication Technology Holdings Limited is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at Block F4, TCL Communication Technology Building, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, P.R. China, 518052.

9.      Upon information and belief, Defendant TCT Mobile International Limited is a corporation organized and existing under the laws of China, with its principal place of business at 5th Floor Building 22E No. 22 Science Park East Avenue, Hong Kong Science Park, Sha Tin, Hong Kong, China.

10.     Upon information and belief, Defendant TCT Mobile, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

11.     Upon information and belief, Defendant TCT Mobile (US) Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

12.     Upon information and belief, Defendant TCT Mobile (US) Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

13.     Defendant TCT Mobile, Inc. maintains a registered agent for service of process in Delaware with Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

14.     Defendant TCT Mobile (US) Inc. maintains a registered agent for service of process in Delaware with Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

15.     Defendant TCT Mobile (US) Holdings, Inc. maintains a registered agent for service of process in Delaware with Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

16.     Upon information and belief, Defendants sell and offer to sell products and services throughout the United States, including in this judicial district, and introduce products and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

<u>**JURISDICTION AND VENUE**</u>

17.     This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

18.     This Court has personal jurisdiction over Defendants, because Defendants have sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104, as Defendants have purposefully availed themselves of the privileges of conducting business in the State of Delaware by regularly conducting and soliciting business within the State of Delaware and within this District, and because Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. because they are incorporated in the

State of Delaware and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

19.     Venue is proper in this judicial district as to TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. under 28 U.S.C. § 1400(b) because they are incorporated in the State of Delaware.

20.     Venue is proper in this judicial district as to TCL Communication Technology Holdings Limited and TCT Mobile International Limited because they are foreign corporations that may be sued in any judicial district under 28 U.S.C. § 1391(c).

## ACCUSED INSTRUMENTALITIES

21.      Defendants make, use, sell and offer for sale, provide, and cause to be used, now and within the past six years the Alcatel 1, Alcatel 3, Alcatel 5, Alcatel 7, Alcatel Avalon V, Alcatel GO FLIP 3, Alcatel GO FLIP V, Alcatel IdealXTRA, Alcatel INSIGHT, Alcatel JOY TAB, Alcatel JOY TAB KIDS, Alcatel MYFLIP, Alcatel ONYX, Alcatel SMARTFLIP, and Alcatel TETRA (the "Alcatel Accused Instrumentalities"), as well as the TCL 10 Pro and TCL 10L (the "TCL Accused Instrumentalities," and with the Alcatel Accused Instrumentalities, the "Accused Instrumentalities") among other such devices.

22.     Defendants advertise that the Alcatel 1 is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the Alcatel 1, attached hereto as Exhibit 1.)

23.     Defendants advertise that the Alcatel 3 is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the Alcatel 3, attached hereto as Exhibit 2.)

24.     Defendants advertise that the Alcatel 5 is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the Alcatel 5, attached hereto as Exhibit 3.)

25.     Defendants advertise that the Alcatel 7 is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the Alcatel 7, attached hereto as Exhibit 4.)

26.     Defendants advertise that the Alcatel AVALON V is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel AVALON V, attached hereto as Exhibit 5.)

27.     Defendants advertise that the Alcatel GO FLIP 3 is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel GO FLIP 3, attached hereto as Exhibit 6.)

28.     Defendants advertise that the Alcatel GO FLIP V is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel GO FLIP V, attached hereto as Exhibit 7.)

29.     Defendants advertise that the Alcatel IdealXTRA is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel IdealXTRA, attached hereto as Exhibit 8.)

30.     Defendants advertise that the Alcatel INSIGHT is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel INSIGHT, attached hereto as Exhibit 9.)

31.     Defendants advertise that the Alcatel JOY TAB is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel JOY TAB, attached hereto as Exhibit 10.)

32.     Defendants advertise that the Alcatel JOY TAB KIDS is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel JOY TAB KIDS, attached hereto as Exhibit 11.)

33.     Defendants advertise that the Alcatel MYFLIP is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel MYFLIP, attached hereto as Exhibit 12.)

34.     Defendants advertise that the Alcatel ONYX is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel ONYX, attached hereto as Exhibit 13.)

35.     Defendants advertise that the Alcatel SMARTFLIP is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel SMARTFLIP, attached hereto as Exhibit 14.)

36.     Defendants advertise that the Alcatel TETRA is compliant with the 3G and 4G cellular network standards.  (*See, e.g.*, product information for the Alcatel TETRA, attached hereto as Exhibit 15.)

37.     Defendants advertise that the TCL 10 Pro is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the TCL 10 Pro, attached hereto as Exhibit 16.)

38.     Defendants advertise that the TCL 10L is compliant with the 3G and 4G cellular network standards. (*See, e.g.*, product information for the TCL 10 Pro, attached hereto as Exhibit 16.)

## **BACKGROUND**

39.     Plaintiffs are the owners by assignment of a portfolio of patents, including the eight patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 3G, and 4G.

40.     Cellular communication network technology is used to provide data transmission across mobile cellular networks.

41.     U.S. Patent Nos. 8,189,611 ("the '611 patent") and 8,600,383 ("the '383 patent") were assigned to Research in Motion Ltd. from the inventors.  Research in Motion Ltd. changed its name to Blackberry, Ltd. in 2013.  On November 16, 2018, the '611 and '383 patents were assigned to Provenance Asset Group LLC from Blackberry, Ltd.  On April 5, 2019, Sisvel obtained ownership of the '611 and '383 patents from Provenance Asset Group LLC.  On July 11, 2019, Sisvel assigned the '611 and '383 patents to 3G Licensing.

42.     U.S. Patent Nos. 7,215,653 ("the '653 patent"), 7,319,718 ("the '718 patent"), 7,551,625 ("the '625 patent") and 7,580,388 ("the '388 patent") were assigned to LG Electronics Inc. from the inventors.  On February 10, 2020, 3G Licensing obtained ownership of the '653, '718, '625, and '388 patents from LG Electronics Inc.

43.     U.S. Patent Nos. 7,869,396 ("the '396 patent") and 8,971,279 ("the '279 patent") were assigned to LG Electronics Inc. from the inventors.  On March 28, 2014, the '396 and '279 patents were assigned to Thomson Licensing SAS from LG Electronics.  On September 23, 2019, Sisvel S.p.A. obtained ownership of the '396 and '279 patents from Thomson Licensing SAS.

44.     3G Licensing and Sisvel S.p.A. are the rightful owners of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

45.     Sisvel sent correspondence to Defendants on August 28, 2014 offering Defendants a license to patents owned and/or managed by Sisvel that are essential to the 4G cellular standard and attaching a list of 4G essential patents.  On July 10, and October 6, 2015, Sisvel sent additional correspondences about the 4G essential patents with links to the Sisvel website listing the patents

it was offering to license to Defendants.  On January 25, 2016, Sisvel sent correspondence to Defendants introducing its patents that are 3G essential.

46.     On January 28, 2016, Sisvel sent an email with a list of 4G essential patents attached. Additional correspondence was sent on February 22, 2016 and June 3, 2016.

47.     Sisvel sent additional communications on March 19, 2018 and July 20, 2018, offering to license the offered patents.

48.     Sisvel sent correspondence to Defendants on July 20, 2018, offering Defendants a license to patents essential to the 3G and 4G cellular standards.

49.     On April 29, 2019 and August 19, 2019, Sisvel sent correspondence to Defendants with links to Sisvel's 3G and 4G patent brochures.  The links included the '611, '383, '396, and '279 patents.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,215,653

50.     The allegations set forth in the foregoing paragraphs 1 through 49 are incorporated into this First Claim for Relief.

51.     On May 8, 2007, the '653 patent, entitled "Controlling Data Transmission Rate on the Reverse Link for Each Mobile Station in a Dedicated Manner" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/071,243 filed on February 11, 2002.  A true and correct copy of the '653 patent is attached as Exhibit 17.

52.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '653 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

53.     The '653 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 18.  Thus, Defendants' Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '653 patent.

54.     Defendants were made aware of the '653 patent and their infringement thereof at least as early as the date of filing of this Complaint.

55.     Upon information and belief, Defendants have and continue to directly infringe at least claims 34 and/or 37 of the '653 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

56.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

57.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 34 and/or 37 of the '653 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '653 patent.

58.     In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

59.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '653 patent because the invention of the '653 patent is required to comply with the relevant cellular standard.  Defendants advertise their Accused Instrumentalities as compliant with the relevant cellular standard, which

induces others to infringe the '653 patent.  Defendants have knowingly induced infringement since at least the filing of this Complaint when Defendants were first made aware of the '653 patent.

60.     Upon information and belief, the Defendants are liable as contributory infringers of the '653 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '653 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '653 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.   In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

61.     Plaintiffs have been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,319,718

62.     The allegations set forth in the foregoing paragraphs 1 through 61 are incorporated into this Second Claim for Relief.

63.     On January 15, 2008, the '718 patent, entitled "CQI Coding Method for HS-DPCCH" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/365,498 filed on February 13, 2003.  A true and correct copy of the '718 patent is attached as Exhibit 19.

64.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '718 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

65.     The '718 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 20.  Thus, Defendants' Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '718 patent.

66.     Defendants were made aware of the '718 patent and their infringement thereof at least as early as the date of filing of this Complaint.

67.     Upon information and belief, Defendants have and continue to directly infringe at least claims 15 and/or 16 of the '718 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

68.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

69.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 15 and/or 16 of the '718 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '718 patent.

70.     In particular, the Defendants' actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

71.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '718 patent because the invention of the '718 patent is required to comply with the relevant cellular standard.  Defendants advertises their Accused Instrumentalities as compliant with the relevant cellular standard, which

induces others to infringe the '718 patent.  Defendants have knowingly induced infringement since at least the filing of this Complaint when Defendants were first made aware of the '718 patent.

72.     Upon information and belief, the Defendants are liable as contributory infringers of the '718 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '718 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '718 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.   In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

73.     Plaintiffs have been harmed by Defendants' infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,551,625

74.     The allegations set forth in the foregoing paragraphs 1 through 73 are incorporated into this Third Claim for Relief.

75.     On June 23, 2009, the '625 patent, entitled "Method of Scheduling an Uplink Packet Transmission Channel in a Mobile Communication System" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 11/097,011 filed on March 31, 2005.  A true and correct copy of the '625 patent is attached as Exhibit 21.

76.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '625 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

77.     The '625 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 22.  Thus, Defendants' Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '625 patent.

78.     Defendants were made aware of the '625 patent and their infringement thereof at least as early as the date of filing of this Complaint.

79.     Upon information and belief, Defendants have and continue to directly infringe at least claims 16 and/or 39 of the '625 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

80.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

81.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 16 and/or 39 of the '625 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '625 patent.

82.     In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

83.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '625 patent because the invention of the '625 patent is required to comply with the relevant cellular standard.  Defendants advertise their Accused Instrumentalities as compliant with the relevant cellular standard, which

induces others to infringe the '625 patent. Defendants have knowingly induced infringement since at least the filing of this Complaint when Defendants were first made aware of the '625 patent.

84.     Upon information and belief, the Defendants are liable as contributory infringers of the '625 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '625 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '625 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

85.     Plaintiffs have been harmed by Defendants' infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,580,388

86.     The allegations set forth in the foregoing paragraphs 1 through 85 are incorporated into this Fourth Claim for Relief.

87.     On August 25, 2009, the '388 patent, entitled "Method and Apparatus for Providing Enhanced Messages on Common Control Channel in Wireless Communication System" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 11/065,872 filed on February 25, 2005. The '388 patent claims priority to U.S. Provisional Patent Application No. 60/576,214 filed on June 1, 2004 and Provisional Patent Application No. 60/589,630 filed on July 20, 2004. A true and correct copy of the '388 patent is attached as Exhibit 23.

88.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '388 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

89.     The '388 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 24.  Thus, Defendants' Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '388 patent.

90.     Defendants were made aware of the '388 patent and their infringement thereof at least as early as the date of filing of this Complaint.

91.     Upon information and belief, Defendants have and continue to directly infringe at least claims 1 and/or 33 of the '388 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

92.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

93.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 1 and/or 33 of the '388 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '388 patent.

94.     In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

95.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '388 patent because the invention of the '388 patent is required to comply with the relevant cellular standard.  Defendants advertise their Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '388 patent.  Defendants have knowingly induced infringement since at least the filing of this Complaint when Defendants were first made aware of the '388 patent.

96.     Upon information and belief, the Defendants are liable as contributory infringers of the '388 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '388 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '388 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.   In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

97.     Plaintiffs have been harmed by Defendants' infringing activities.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,869,396

98.     The allegations set forth in the foregoing paragraphs 1 through 97 are incorporated into this Fifth Claim for Relief.

99.     On January 11, 2011, the '396 patent, entitled "Data Transmission Method and Data Re-Transmission Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/158,646 filed on January 3, 2007.  The '396 patent claims

priority to U.S. Provisional Patent Application No. 60/757,063 filed on January 5, 2006. A true and correct copy of the '396 patent is attached as Exhibit 25.

100.    Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '396 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

101.    The '396 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 26. Thus, Defendants' Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '396 patent.

102.    Defendants were made aware of the '396 patent and their infringement thereof by correspondence from Plaintiffs on April 29, 2019 as discussed in paragraph 49 above.

103.    Defendants were further made aware of the '396 patent and their infringement thereof at least as early as the date of filing of this Complaint.

104.    Upon information and belief, Defendants have and continue to directly infringe at least claims 1, 6 and/or 8 of the '396 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

105.    Since April 29, 2019, when they first were made aware of the '396 patent, Defendants' infringement has been, and continues to be willful.

106.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

107.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 1, 6 and/or 8 of the '396 patent under 35 U.S.C. § 271(b) by,

among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '396 patent.

108.     In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

109.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '396 patent because the invention of the '396 patent is required to comply with the relevant cellular standard. Defendants advertises their Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '396 patent. Defendants have knowingly induced infringement since at least April 29, 2019, when Defendants were first made aware of the '396 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 45-49 above.

110.     Upon information and belief, the Defendants are liable as contributory infringers of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '396 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '396 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

111.    Plaintiffs have been harmed by Defendants' infringing activities.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,971,279**

112.    The allegations set forth in the foregoing paragraphs 1 through 111 are incorporated into this Sixth Claim for Relief.

113.    On March 3, 2015, the '279 patent, entitled "Method and Apparatus for Indicating Deactivation of Semi-Persistent Scheduling" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/791,421 filed on March 8, 2013. The '279 patent claims priority to U.S. Provisional Patent Application Nos. 61/114,440 filed on November 13, 2008 and 61/119,375 filed on December 3, 2008.  A true and correct copy of the '279 patent is attached as Exhibit 27.

114.    Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '279 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

115.    The '279 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 28.  Thus, Defendants' Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '279 patent.

116.    Defendants were made aware of the '279 patent and their infringement thereof by correspondence from Plaintiffs on April 29, 2019 as discussed in paragraph 49 above.

117.    Defendants were further made aware of the '279 patent and their infringement thereof at least as early as the date of filing of this Complaint.

118.    Upon information and belief, Defendants have and continue to directly infringe at least claims 1 and/or 11 of the '279 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

119.    Since April 29, 2019, when they first were made aware of the '279 patent, Defendants' infringement has been, and continues to be willful.

120.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

121.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 1 and/or 11 of the '279 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '279 patent.

122.    In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

123.    Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '279 patent because the invention of the '279 patent is required to comply with the relevant cellular standard.  Defendants advertise their Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '279 patent.  Defendants have knowingly induced infringement since at least April 29, 2019, when Defendants were first made aware of the '279 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 45-49 above.

124.     Upon information and belief, the Defendants are liable as contributory infringers of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '279 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '279 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.   In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

125.     Plaintiffs have been harmed by Defendants' infringing activities.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 8,189,611

126.     The allegations set forth in the foregoing paragraphs 1 through 125 are incorporated into this Seventh Claim for Relief.

127.     On May 29, 2012, the '611 patent, entitled "System and Method for Resolving Contention Among Applications Requiring Data Connections Between a Mobile Communications Device and a Wireless Network" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/326,466 filed on December 2, 2008.  The '611 patent claims priority to U.S. Patent No. 7,474,671 filed on November 4, 2005.  A true and correct copy of the '611 patent is attached as Exhibit 29.

128.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '611 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

129.     The '611 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 30.   Thus, Defendants' TCL Accused Instrumentalities are necessarily infringing the '611 patent.

130.    Defendants were made aware of the '611 patent and their infringement thereof by correspondence from Plaintiffs on April 29, 2019 as discussed in paragraph 49 above.

131.    Defendants were further made aware of the '611 patent and their infringement thereof at least as early as the date of filing of this Complaint.

132.    Upon information and belief, Defendants have and continue to directly infringe at least claims 1, 7, and/or 8 of the '611 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the TCL Accused Instrumentalities that infringe the patented methods.

133.    Since April 29, 2019, when they first were made aware of the '611 patent, Defendants' infringement has been, and continues to be willful.

134.    Upon information and belief, these TCL Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

135.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 1, 7, and/or 8 of the '611 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the TCL Accused Instrumentalities constitutes direct infringement of at least one claim of the '611 patent.

136.    In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the TCL Accused Instrumentalities and providing instruction materials, training, and services regarding the TCL Accused Instrumentalities.

137.    Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the TCL Accused Instrumentalities necessarily infringes the '611 patent because the invention of the '611 patent is required to comply with the relevant cellular standard.  Defendants advertise their TCL Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '611 patent.   Defendants have knowingly induced infringement since at least April 29, 2019, when Defendants were first made aware of the '611 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 45-49 above.

138.    Upon information and belief, the Defendants are liable as contributory infringers of the '611 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the TCL Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '611 patent.   Each of the TCL Accused Instrumentalities is a material component for use in practicing the '611 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.   In particular, each of the TCL Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

139.    Plaintiffs have been harmed by Defendants' infringing activities.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 8,600,383

140.    The allegations set forth in the foregoing paragraphs 1 through 139 are incorporated into this Eighth Claim for Relief.

141.    On December 3, 2013, the '383 patent, entitled "Apparatus and Method for Making Measurements in Mobile Telecommunications System User Equipment" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/617,241 filed on September 24, 2012.  The '383 patent claims priority to U.S. Patent No. 7,463,887 filed on August 18, 2004.  A true and correct copy of the '383 patent is attached as Exhibit 31.

142.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '383 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

143.    The '383 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 32.  Thus, Defendants' TCL Accused Instrumentalities are necessarily infringing the '383 patent.

144.    Defendants were made aware of the '383 patent and their infringement thereof by correspondence from Plaintiffs on April 29, 2019 as discussed in paragraph 49 above.

145.    Defendants were further made aware of the '383 patent and their infringement thereof at least as early as the date of filing of this Complaint.

146.    Upon information and belief, Defendants have and continue to directly infringe at least claims 1, 9, 17, 25, 49, 58, 66, 74, 82, and/or 90 of the '383 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the TCL Accused Instrumentalities that infringe the patented methods.

147.    Since April 29, 2019, when they first were made aware of the '383 patent, Defendants' infringement has been, and continues to be willful.

148.    Upon information and belief, these TCL Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

149.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least claims 1, 9, 17, 25, 49, 58, 66, 74, 82, and/or 90 of the '383 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendants' partners, clients,

customers/subscribers, and end users, whose use of the TCL Accused Instrumentalities constitutes direct infringement of at least one claim of the '383 patent.

150.     In particular, the Defendants' actions that aid and abet others such as their partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the TCL Accused Instrumentalities and providing instruction materials, training, and services regarding the TCL Accused Instrumentalities.

151.     Any party, including Defendants' partners, clients, customers/subscribers, and end users, using the TCL Accused Instrumentalities necessarily infringes the '383 patent because the invention of the '383 patent is required to comply with the relevant cellular standard.  Defendants advertise their TCL Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '383 patent.   Defendants have knowingly induced infringement since at least April 29, 2019, when Defendants were first made aware of the '383 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 45-49 above.

152.     Upon information and belief, the Defendants are liable as contributory infringers of the '383 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '383 patent.  Each of the TCL Accused Instrumentalities is a material component for use in practicing the '383 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the TCL Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

153.     Plaintiffs have been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for themselves and against Defendants as follows:

A.  An adjudication that Defendants have infringed the '383, '611, '653, '718, '625, '388, '396, and '279 patents;

B.  An award of damages to be paid by Defendants adequate to compensate Plaintiffs for Defendants' past infringement of the '383, '611, '653, '718, '625, '388, '396, and '279 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

D.  An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated: May 15, 2020

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs*
*3G LICENSING S.A. and SISVEL S.p.A.*